**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROSA VALDES COMENDADOR,**<br><br>***Petitioner*,**<br>**v.**<br><br>**TODD BLANCHE,**<br>*United States Attorney General*;<br>**MARKWAYNE MULLIN,**<br>*Secretary of the United States Department of Homeland Security*;<br>**DAVID VENTURELLA,**<br>*Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement*;<br>**JOEL GARCIA,**<br>*ICE Field Office Director for U.S. Immigration and Customs Enforcement*; **and**<br>**WARDEN OF THE ERO EL PASO EAST MONTANA,**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § | **EP-26-CV-00734-DCG** |

**ORDER REGARDING EMERGENCY MOTION**

On July 13, 2026, the Court granted Petitioner Rosa Valdes Comendador's Petition for a Writ of Habeas Corpus in relevant part and ordered Respondents to release Petitioner from immigration detention.[1] The Court forbade Respondents from "re-detain[ing] Petitioner under the authority of 8 U.S.C. § 1225(b)(2)(A) unless they first successfully move[d] to modify [the

[1] Order Granting Pet., ECF No. 8, at 5; *see also* Resp'ts' Status Report, ECF No. 10, at 1 (confirming that Respondents released Petitioner on July 15, 2026).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

Court's July 13, 2026] Order."[2] But the Court didn't prohibit Respondents from re-detaining Petitioner under some other source of statutory authority (such as 8 U.S.C. § 1231(a)(2)(A), which mandates detention of aliens subject to a final removal order during the 90-day removal period, or 8 U.S.C. § 1226(c), which mandates detention of certain criminal aliens).[3]

Petitioner claims that Respondents returned her to immigration detention on October 13, 2026.[4] Respondents didn't seek to modify the Court's July 13, 2026 Order before doing so. Thus, the only way Respondents could lawfully re-detain Petitioner is if some statute other than 8 U.S.C. § 1225(b)(2)(A) authorizes Respondents to do so.[5]

According to Petitioner, no such statute exists.[6] She contends that Respondents can't re-detain her under 8 U.S.C. § 1231(a)(2)(A) because:

---

[2] Order Granting Pet. at 6; *see also* 8 U.S.C. § 1225(b)(2)(A) ("Subject to [certain exceptions], in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for [removal] proceeding[s] . . . .").

[3] Order Granting Pet. at 6 n.18; *see also* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."); *id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *id.* § 1226(c).

[4] Emergency Mot., ECF No. 12, at 1.

[5] *See supra* notes 2–3 and accompanying text.

[6] Emergency Mot. at 2, 5–7.

(1) § 1231(a)(2)(A) doesn't authorize detention until an alien is subject to a final removal order;[7] and

(2) Petitioner's removal order isn't final because it's currently on appeal.[8]

She further maintains that Respondents can't re-detain her under 8 U.S.C. § 1226(c) because she "has no criminal record and has never been arrested."[9]

Petitioner has therefore filed an Emergency Motion asking the Court to (among other things):

(1) "find that Respondents' re-detention of Petitioner on October 13, 2026, violates the Court's Order of July 13, 2026;"

(2) "order Respondents to show cause within twenty four hours why they should not be held in civil contempt for violating the Order;" and

(3) "order Respondents to release Petitioner immediately."[10]

Although the Court doesn't believe it would be reasonable to give Respondents a mere 24 hours to show cause why the Court shouldn't hold them in civil contempt, the Court agrees that Petitioner's allegations warrant expedited briefing and a prompt hearing.

---

[7] *Id.* at 2, 5; *see also* 8 U.S.C. § 1231(a)(1)(B) ("The removal period begins on the *latest* of the following: (i) *The date the order of removal becomes administratively final.* (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." (emphases added)).

[8] Emergency Mot. at 2–3, 5; Emergency Mot. Ex. B, ECF No. 12-2, at 2–3; *see also* 8 C.F.R. § 1241.1 (providing that if an alien timely appeals "[a]n order of removal made by the immigration judge," the removal order does not "become final" until the "dismissal of [that] appeal by the Board of Immigration Appeals").

[9] Emergency Mot. at 6.

[10] *Id.* at 7–8.

Accordingly, the Court **ORDERS** Respondents to **RESPOND** to "Petitioner's Emergency Motion to Enforce Order Granting Petition for Writ of Habeas Corpus" (ECF No. 12) by **10:00 AM Mountain Time** on **Monday, October 19, 2026**.

Besides any other issue(s) that Respondents deem appropriate to address, Respondents **MUST** at minimum brief the following questions:

(1) whether Respondents concede that they re-detained Petitioner in error;[11]

(2) if not, which statute(s) authorize(s) Respondents to re-detain Petitioner;[12]

(3) whether Petitioner is correct that her removal order isn't administratively final;[13]

(4) if so, whether Petitioner is correct that Respondents may not lawfully re-detain her under 8 U.S.C. § 1231(a)(2)(A);[14]

(5) whether Petitioner is correct that Respondents have no lawful basis to re-detain her under 8 U.S.C. § 1226(c);[15] and

(6) whether, under the facts as they currently stand, the Court has any lawful authority to hold Respondents in civil contempt as Petitioner requests.[16]

---

[11] *Cf. Ojeda Duarte v. Warden*, 832 F. Supp. 3d 609, 612 (W.D. Tex. 2026) (case in which Respondents unlawfully removed petitioner who wasn't yet subject to a final removal order; Respondents conceded that the petitioner's removal order wasn't final and explained that the petitioner's removal "was an inadvertent error due to a data quality issue within DHS-ERO's case information system").

*See also* Emergency Mot. at 5 (noting that Petitioner's appeal "does not yet appear on EOIR's public portal," which suggests that the officers who re-detained Petitioner might not be aware that she has a pending appeal).

[12] *See supra* note 3 and accompanying text.

[13] *See supra* note 8 and accompanying text.

[14] *See supra* notes 7–8 and accompanying text.

[15] *See supra* note 9 and accompanying text.

[16] *See supra* note 10 and accompanying text.

Petitioner **MAY** file a reply brief by **5:00 PM Mountain Time** on **Wednesday, October 21, 2026** if she wishes. But Petitioner is **NOT REQUIRED** to file a reply brief. And the Court **RESERVES THE RIGHT** to rule on the Emergency Motion without awaiting Petitioner's reply.[17]

The Court also **SCHEDULES** this matter for a **HEARING** on **Thursday, October 22, 2026** at **10:00 AM Mountain Time**. The hearing will take place in in **Courtroom Number 322** on the Third Floor of the **United States Courthouse, 525 Magoffin Avenue, El Paso, Texas**.

Petitioner's counsel and Respondents' counsel must attend the hearing **IN PERSON**.[18] Due to technological limitations, the Court will **NOT** consider requests to appear by video, telephone, or any other remote means.

Although the Court **MAY** consider requests to move the hearing to a different date to accommodate the participants' respective schedules, the Court will **NOT** consider any such request filed after **Monday, October 19, 2026** except in extraordinary and unforeseeable circumstances. Any such motion must:

(1) comply with Local Rule CV-7(g)'s pre-filing conferral requirements;[19] and

(2) list at least three alternate hearing dates and times that work for both sides.

---

[17] *See* W.D. TEX. CIV. R. 7(e)(2) ("The court need not wait for a reply before ruling on a motion.").

[18] Given the short turnaround time between now and the hearing date, as well as the logistical difficulties of arranging for Petitioner's physical presence (and, if necessary, for an interpreter), the Court will not order Respondents to produce Petitioner herself for the hearing. Petitioner's counsel's presence should suffice to protect Petitioner's interests.

[19] *See* W.D. TEX. CIV. R. 7(g) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.").

**So ORDERED and SIGNED this 14th day of October 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**